

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

September 23, 2010

By ECF

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. John Giglio
    Criminal Docket No. 10-396 (CBA)

Dear Judge Amon:

  The government respectfully submits this letter in response to the defendant's letter, dated September 12, 2010, in regard to sentencing.

Sentencing Guidelines

  The government does not oppose the defendant's requested adjustment of the Guidelines calculation to omit paragraph 50, adjust paragraph 51 to account for a two unit total, adjust paragraph 53 to account for a two, rather than three, level enhancement pursuant to Section 3D1.4, resulting in a combined adjusted offense level of 21 in paragraph 54, and a total offense level of 18 in paragraph 56.

Defendant's Request for Concurrent or Reduced Sentence

  For the reasons set forth below, the government opposes the defendant's request that the sentenced imposed in this case run concurrently to his prior undischarged sentence, either pursuant to U.S.S.G. § 5G1.3 or consideration of the factors set forth in 18 U.S.C. § 3553(a).

Section 5G1.3(c) of the Sentencing Guidelines provides in relevant part that:

> In [a] . . . case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.[1]

The Commentary to this provision states that the Court should consider a variety of factors in reaching an appropriate sentence, including, applicable here: the Section 3553(a) factors; "the type and length of the prior undischarged sentence"; "the time served on the undischarged sentence and the time likely to be served before release"; and "any other circumstances relevant to the determination of an appropriate sentence for the instant offense."

Consideration of these factors – in particular the Section 3553(a) factors – warrants imposition of a consecutive sentence within the applicable Sentencing Guidelines range.

<u>First</u>, the history and characteristics of the defendant warrant substantial additional punishment. The defendant is a sworn member of the Genovese organized crime family, perhaps the Nation's most dangerous, sophisticated and violent criminal organization. It speaks volumes that the defendant chose to be inducted into the Genovese crime family even after the defendant's own father was murdered in a mob hit. Rather than dissuading the defendant from pursuing a life devoted to committing crimes for the mafia, the defendant, undeterred, chose mafia membership, taking an oath to devote the rest of his life to crime, with the explicit understanding and agreement that he would be required to murder others if the Genovese crime family merely asks him to do so.

The defendant has used his mafia influence in many criminal acts. He has threatened others to make them repay debts (as reflected in his prior conviction), he has extorted and threatened business owners to extract payments from them (as reflected by his current conviction), and he has profited from numerous illegal gambling establishments throughout Staten

---

[1] The government agrees with the defense that Section 5G1.3 is applicable, as the defendant's prior sentence will not be discharged until April 22, 2011, and Sections 5G1.3(a) and 5G1.3(b) do not apply here.

Island.  While engaged in these serious crimes, the defendant has reported to, and chose to surround himself with, other very serious mafia criminals, including Genovese captain Anthony Antico, who has three separate racketeering convictions including various serious predicate crimes of witness tampering, extortion, robbery conspiracy, and illegal gambling.

All of these characteristics make the defendant a clear danger to the community, and heavily favor incapacitating him by imposing a consecutive sentence within, indeed at the high end, of the applicable Sentencing Guidelines range.  The letters submitted on behalf of the defendant, tellingly, do not address these most troubling aspects of the defendant's history and characteristics.  Whatever his relationship with his blood family, or whatever educational courses the defendant has taken or employ he has had while in prison, they do not evidence rehabilitation or redemption.  On penalty of death, the defendant has sworn in a blood oath ceremony to commit crimes with the mafia ranging from the most mundane to the most lethal.  The defendant no doubt will continue to commit crime once released, because that is what he is best at and it is what members of the mafia do.  Thus, both to reflect the history and characteristics of this defendant, and to protect the public from further crimes by this defendant, a consecutive sentence should be imposed.  See 18 U.S.C. §§ 3553(a)(1) & (2)(C).

Second, the nature and circumstances of the instant offense favor imposing a consecutive sentence within the applicable Guidelines range.  Most significantly in this case, the defendant struck fear into a deli owner, Saquib Khan, and then extracted numerous extortion payments from him.  Most of these payments – at Christmas time, and as separate "lease" payments on a car for the defendant to use, or for the defendant's brother's "attorney costs" – gave Khan nothing in return, except the hope that the defendant would not physically injure Khan or destroy his businesses.  Your Honor saw Mr. Khan's demeanor when he testified in the Antico trial, and while it was clear that Mr. Khan is not an innocent, it was also clear that Mr. Khan is plainly terrified of the mafia crew of which this defendant is a part, and of the defendant himself.  This criminal activity, reflected in the defendant's instant racketeering conviction, is of a different kind from his prior conviction loansharking related racketeering conviction, and merits substantial additional punishment in the form of a consecutive sentence within the applicable Guidelines range, to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for this offense.  See 18 U.S.C. §§ 3553(a)(1) & (2)(A).

4

   <u>Third</u>, the need for general and specific deterrence warrants imposing a consecutive sentence within the applicable Guidelines range.  <u>See</u> 18 U.S.C. § 3553(a)(2)(B).  A consecutive sentence sends a clear message that men should not join the mafia, should not associate with the mafia, should not commit crime, and relays that, if, as is the case here, the government uncovers additional crimes a mafia member has committed in his life of a litany of crime, he will be severely punished, both to specifically deter him, and to generally deter others from associating with the scourge that is the mafia.

           Respectfully submitted,

           LORETTA LYNCH
           United States Attorney

      By: /s/_____
         John Buretta
         Assistant U.S. Attorney
         (718) 254-6314