

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

September 29, 2010

By ECF

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. John Giglio
         Criminal Docket No. 10-396 (CBA)

Dear Judge Amon:

    The government respectfully submits this supplemental letter in regard to the defendant's request that he receive credit under the Sentencing Guidelines for the discharged portion of the prison time he has served in regard to his separate prior racketeering conviction.  As demonstrated below, the Guidelines do not permit such a credit.  In addition, in imposing sentence as to the current conviction, the Court should sentence the defendant to a sentence consecutive to the remaining undischarged portion of the defendant's prior sentence.

    At page 3 of the defendant's September 13, 2010 sentencing submission, the defendant claims that, hypothetically, had the predicate acts in the defendant's current racketeering conspiracy conviction been included as part of his separate prior racketeering conviction, he would have at that time faced a Sentencing Guidelines range of 57 to 71 months.[1]  The defendant then speculates that the prior sentencing court could have, had the current conduct been included, sentenced the defendant then

---

    [1] This hypothetical calculation entails a combined offense level of 24, plus four grouping points per U.S.S.G. § 3D1.3 (reflecting four instead of two predicate acts), minus three points for acceptance of responsibility, resulting in a total offense level of 25 and a Guideline sentencing range of 57 to 71 months.  The government does not dispute the hypothetical Guidelines calculation, but, for the reasons demonstrated herein, employ of such a calculation is inappropriate.

to a term of 57 months' imprisonment, resulting in a sentence 11 months higher than the 46 month sentence the defendant received in his prior case.  On that basis, the defendant argues that he should receive credit, pursuant to U.S.S.G. § 5G1.3(c), for the time he has already served on his prior racketeering sentence.  On that basis, the defendant appears to assert, although it is not entirely clear, that the Court should craft a sentence providing for only 11 additional months' imprisonment, due to the time the defendant has already served on his prior sentence.

These arguments have no merit.  First, the law specifically prohibits engaging in the kind of "credit" analysis under the Guidelines that the defendant advocates.  Application Note 3(e) to U.S.S.G. § 5G1.3(c) clearly provides that, "[u]nlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment."  The Second Circuit has also spoken clearly, and repeatedly, on this point.  See United States v. Batista, 369 Fed.Appx. 289, 291 (2d Cir. 2010) ("it is settled law in this Circuit that section 5G1.3(c) does not authorize a district court to credit a defendant for time already served."); United States v. Fermin, 252 F.3d 102, 109-110 (2d Cir. 2001) ("subsection (c) does not permit courts to reduce a defendant's sentence below the guidelines range for time already served on a different sentence, and does not import the 'credit' approach of Application Note 2 to subsection (b).").  Thus, insofar as the defendant asks that the Court conduct an analysis under the Guidelines of the total length of his prior sentence, or requests that the Court give credit for the portion of the prior sentence he has already served, that claim must be rejected.

Second, insofar as the defendant requests imposition of a concurrent sentence pursuant to Section 5G1.3(c) as to the undischarged remainder of his prior sentence, that request too should be rejected.  It is undisputed that the current conviction activity played no role in the prior sentencing calculation, and likewise that the prior conviction activity was not factored in as relevant conduct in the current sentencing calculation.  In these circumstances, the Second Circuit has repeatedly affirmed a district court's decision to impose a sentence pursuant to U.S.S.G. § 5G1.3(c) consecutive to the remaining undischarged portion of a prior sentence.  See, e.g., United States v. Balint, 133 Fed.Appx. 802, 806 (2d Cir. 2005) ("Here, the two crimes occurred at different crimes and in different places; the robbery conviction played no role in the offense level calculation for the fraud conviction; and the judge properly considered the section 5G1.3(c) factors in crafting the sentence.  The district court's decision to sentence Balint consecutively was neither

3

unreasonable nor an abuse of discretion."); <u>United States v. Brennan</u>, 395 F.3d 59, 70 (2d Cir. 2005) ("Given the district court's explicit consideration of several of the Section 3553(a)(2) factors, as well as the fact that neither of appellant's sentencing proceedings accounted for the offense conduct at issue in the other, the imposition of a consecutive sentence under Section 5G1.3(c) was in no way an abuse of discretion.").

These principles readily explain why the defendant's reliance on <u>Witte v. United States</u>, 515 U.S. 389 (1995) is misplaced. <u>Witte</u> noted that Section 5G1.3 in general provides a safeguard to "protect petitioner against having the length of his sentence multiplied by <u>duplicative</u> consideration of the <u>same</u> criminal conduct." <u>Id.</u> at 405 (emphasis added). As noted above, here (1) the criminal conduct is not the same, and (2) in any case, there has not been duplicative consideration of that conduct, since the conduct from neither offense has been factored into calculating the offense level for either conviction.

Finally in this regard, the government incorporates by reference its letter to the Court of September 23, in which it provides substantial and convincing factual reasons why imposition of a sentence consecutive to the defendant's remaining undischarged term from his prior sentence is appropriate here.

        Respectfully submitted,

        LORETTA LYNCH
        United States Attorney

   By: /s/_____
      John Buretta
      Assistant U.S. Attorney
      (718) 254-6314